IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK WINGER, K-97120, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00474-NJR |
| ) | |
| MOHAMMED SIDDIQUI, ) | |
| AIMEE LANG, ) | |
| SGT. HARRIS, ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| DR. RITZ, ) | |
| HOLLY HAWKINS, ) | |
| ROWOLD, ) | |
| KELLY PIERCE, ) | |
| SPILLER, ) | |
| MELISSA PHOENIX, ) | |
| JOHN DOE 2, ) | |
| JOHN DOE 4, ) | |
| and JOHN DOE 5, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Mark Winger, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 against Menard officials who responded to his request for a double-cuff permit and treatment of chest pain with deliberate indifference. (Doc. 2, pp. 7-16, 34-37). Plaintiff seeks money damages against the defendants for conspiring to violate his rights under the Eighth Amendment and Illinois law. (*Id*. at pp. 49-52).

These claims (collectively referred to as "Count 3") were severed from *Winger v. Doe*, *et al.*, No. 19-cv-236-NJR (S.D. Ill.), on May 1, 2019. (Doc. 1). Plaintiff notified the Court of his

1

intention to pursue the claims in this severed case on June 3, 2019. (Doc. 6). He paid the full $400.00 filing fee for this action on June 14, 2019.

This matter is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff sets forth the following allegations in support of the claims in this severed case (Doc. 2, pp. 7-16, 34-37): On March 23, 2017, Plaintiff met with Dr. Siddiqui, Nurse Lang, Sergeant Harris, and an unknown officer[1] to discuss renewal of a double-cuff permit[2] that was due to expire the following month. (*Id*. at p. 7). Plaintiff received the permit several years earlier for shoulder pain and degenerative arthritis that resulted from a right rotator cuff injury. (*Id*.). Before renewing the permit, Nurse Lang instructed Sergeant Harris to cuff Plaintiff behind his back to determine whether doing so would actually cause him pain. (*Id*. at pp. 7, 10-11). As Dr. Siddiqui, Nurse Lang, and the officer watched, Sergeant Harris forced Plaintiff's hands behind his back until he cried out in excruciating pain. Only then did Dr. Siddiqui renew the permit. (*Id*. at pp. 11-13).

At the same appointment, Plaintiff complained of chest pain and shortness of breath. (*Id*. at p. 8). Dr. Siddiqui and Nurse Lang instructed him to submit another sick call slip and copayment.

---

[1] Plaintiff does not list this particular individual in the case caption or list of defendants. As explained in the Memorandum and Severance Order, all claims against this person are considered dismissed without prejudice. (*See* Doc. 1, p. 5) (citing *Myles v. United States*, 416 U.S. 551, 551-52 (7th Cir. 2005)).
[2] Although Plaintiff requested renewal of three permits, this case focuses on the double-cuff permit.

When Plaintiff offered to submit both on the spot, they again denied his request for treatment. This occurred three months after Dr. Ritz and Wexford denied Drs. Trost[3] and Siddiqui's separate requests for a stress test in favor of "on-site monitoring" of Plaintiff that never occurred. (*Id.*).

Plaintiff filed grievances to complain about these incidents. (*Id.* at pp. 13-16). A witness to the events verified them in an affidavit. Even so, prison grievance officials (Hawkins, Rowold, Pierce, Spiller, Phoenix, John Doe 2, John Doe 4, and John Doe 5) denied Plaintiff's grievance without an investigation. (*Id.*).

Based on these allegations, the Court finds it convenient to recharacterize the claims at issue in this severed *pro se* action as follows:

> **Count 1:** Sergeant Harris, Nurse Lang, and Dr. Siddiqui used, authorized, or condoned the use of excessive force against Plaintiff on March 23, 2017, in violation of his Eighth Amendment rights.
>
> **Count 2:** Sergeant Harris, Nurse Lang, and Dr. Siddiqui committed assault and/or battery against Plaintiff on March 23, 2017, in violation of Illinois state law.
>
> **Count 3:** Dr. Siddiqui, Nurse Lang, Dr. Ritz, and Wexford exhibited deliberate indifference to Plaintiff's complaints of chest pain and shortness of breath on or before March 23, 2017, in violation of his Eighth Amendment rights.
>
> **Count 4:** Dr. Siddiqui, Nurse Lang, Dr. Ritz, and Wexford responded to Plaintiff's complaints of chest pain and shortness of breath with negligence on or before March 23, 2017, in violation of Illinois state law.
>
> **Count 5:** Prison grievance officials (Hawkins, Rowold, Pierce, Spiller, Phoenix, John Doe 2, John Doe 4, and John Doe 5) failed to investigate and/or disregarded Plaintiff's grievances regarding the incident on March 23, 2017, in violation of his Fourteenth Amendment due process rights.
>
> **Count 6:** Defendants conspired to violate Plaintiff's rights under federal and state law by failing to investigate his complaints, concealing relevant facts, or disregarding events that occurred on March 23, 2017.

---

[3] Dr. Trost is not named as a defendant in the case caption or list of defendants. All claims against this individual are considered dismissed without prejudice from this action. (Doc. 1, p. 5) (citations omitted).

(*See* Doc. 1, pp. 34-37). The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

## Discussion

*Count 1*

The Eighth Amendment prohibits prison officials from using force that is malicious and sadistic and not part of a good-faith effort to maintain or restore discipline among inmates. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). An Eighth Amendment claim may also arise against prison officials who fail to take reasonable steps to intervene and prevent the use of excessive force. *Wilburn v. Ealey*, 881 F.3d 998, 1008 (7th Cir. 2018) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Harris, Lang, and Siddiqui allegedly subjected Plaintiff to unprovoked and unauthorized force on March 23, 2017, and Count 1 shall receive further review against them. This claim shall be dismissed without prejudice against all other defendants based on their lack of personal involvement in this constitutional deprivation.[5]

*Count 2*[6]

The Illinois assault and/or battery claim in Count 2 shall receive further review against Harris and Lang. *See Yang*, 37 F.3d at 286 (defining civil assault); *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (quoting 720 ILL. COMP. STAT. 5/12–3(a) (defining battery)).

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[5] This includes the grievance officials who learned about the excessive force incident more than a week after the single incident occurred.
[6] This Court has supplemental jurisdiction over the Illinois assault and battery claims. 28 U.S.C. § 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008).

This claim shall be dismissed without prejudice against the remaining defendants for lack of involvement in an assault or battery.

*Count 3*

An Eighth Amendment claim for the denial of medical care arises where prison officials respond to an inmate's objectively serious medical condition with deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Plaintiff's chest pain and difficulty breathing could be indicative of an objectively serious medical condition, and the allegations suggest that Siddiqui, Lang, Ritz, and Wexford denied him all treatment for the condition. Count 3 shall receive further review against Siddiqui, Lang, Ritz, and Wexford, but this claim is dismissed without prejudice against all other defendants because they are not named in connection with the claim.

*Count 4*

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of

receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[7] A separate affidavit and report is required for each defendant, and Plaintiff did not file either one. 735 ILL. COMP. STAT. § 5/2-622(b). Count 4 shall be dismissed without prejudice.

*Count 5*

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. The mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Count 5 shall be dismissed with prejudice against the prison grievance officials and all other defendants for failure to state a claim upon which relief may be granted.

*Count 6*

Civil conspiracy claims are cognizable under Section 1983. *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). A plaintiff must show that the defendants reached an agreement to deprive him of his constitutional rights, and overt acts taken in furtherance of the same actually deprived him of those rights. *Id.* (citation omitted). But like all other claims, a civil conspiracy claim requires some factual underpinning. But the Complaint relies on bald assertions and legal conclusions in support of this claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Count 6 shall therefore be dismissed without prejudice against all defendants for failure to state a claim.

---

[7] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622.

**Disposition**

IT IS ORDERED that this severed case survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNT 1** will proceed against Defendants **HARRIS, LANG,** and **SIDDIQUI**; **COUNT 2** will proceed against Defendants **HARRIS** and **LANG;** and **COUNT 3** will proceed against Defendants **SIDDIQUI, LANG, RITZ,** and **WEXFORD.** These claims are **DISMISSED** without prejudice against all other defendants for failure to state a claim for relief against them.

IT IS ORDERED that **COUNTS 4** and **6** are **DISMISSED** without prejudice, and **COUNT 5** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted against the defendants. If Plaintiff wishes to revive the medical negligence claim in **COUNT 4**, he shall file the required affidavit and report pursuant to 735 ILL. COMP. STAT. § 5/2-622, **on or before October 11, 2019)**. Failure to do so will result in dismissal of Count 4 with prejudice after the deadline expires.

The Clerk is **DIRECTED** to **TERMINATE** Defendants **HAWKINS, ROWOLD, PIERCE, SPILLER, PHOENIX, JOHN DOE 2, JOHN DOE 4,** and **JOHN DOE 5** as parties on the docket sheet.

IT IS ORDERED that as to **COUNTS 1, 2,** and **3,** the Clerk of Court shall prepare for Defendants **HARRIS, LANG, SIDDIQUI, RITZ,** and **WEXFORD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Memorandum and Severance Order (Doc. 1), the Complaint (Doc. 2), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the

Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **<u>Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order</u>.**

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 11, 2019**

                                          **NANCY J. ROSENSTENGEL**
                                          **Chief U.S. District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**