IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK WINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   19-cv-474-RJD |
| ) | |
| MOHAMMED SIDDIQUI, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Mark Winger, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center. Plaintiff alleges officials failed to adequately respond to his requests for a double-cuff permit and treat his chest pain. Plaintiff's Complaint was screened pursuant to 28 U.S.C. § 1915A, and he is proceeding on the following claims:

> Count One: Sergeant Harris, Nurse Lang, and Dr. Siddiqui used, authorized, or condoned the use of excessive force against Plaintiff on March 23, 2017, in violation of his Eighth Amendment rights.
>
> Count Two: Sergeant Harris, Nurse Lang, and Dr. Siddiqui committed assault and/or battery against Plaintiff on March 23, 2017, in violation of Illinois state law.
>
> Count Three: Dr. Siddiqui, Nurse Lang, Dr. Ritz, and Wexford exhibited deliberate indifference to Plaintiff's complaints of chest pain and shortness of breath on or before March 23, 2017, in violation of his Eighth Amendment rights.

This matter is now before the Court on the following motions filed by Plaintiff:

1. Motion Asking the Court to Order Party Giving Notice of Deposition to Pay Plaintiff Reasonable Fees and Expenses (Doc. 66)

2. Motion for Sanctions against Defendants for Making False Representations to the Court (Doc. 72)

3. Motion for Subpoenas Submitted for the Court's Review (Doc. 74)

4. Motion for Court Appointed Polygrapher (Doc. 76)

5. Second Request to Extend Discovery Period (Doc. 82)

The Court has reviewed Plaintiff's motions and any responses thereto, and finds as follows.

### Motion for Reasonable Fees and Expenses (Doc. 66)

In his motion for fees and expenses, Plaintiff asserts he received notice on May 21, 2021 from opposing counsel that his deposition was scheduled for July 8, 2021 at 9:00 a.m. Plaintiff explains he was on-time and present for his deposition, but counsel failed to attend. Plaintiff asserts he was not notified that the deposition had been canceled. Plaintiff asserts that after receiving notice of his deposition he used yard time to prepare for the same. Plaintiff also delayed submitting certain requests for activities or programs as the deposition date neared to avoid receiving a call pass that might conflict with his deposition.

Plaintiff remarks he is a college graduate with some post-graduate studies who served in the military and worked at the Illinois Department of Nuclear Safety prior to his incarceration. Based on his background, education, and experience, Plaintiff estimates his professional fees would be valued at $250.00 per hour. Plaintiff asserts he arrived at the deposition at 8:45 a.m., and was informed shortly after 9:00 a.m. that the deposition had been canceled by opposing counsel. Plaintiff estimates he spent at least one to one and one-half hours preparing for and arriving for his July 8, 2021 deposition. Plaintiff asks that he be provided reasonable fees and

expenses pursuant to Federal Rule of Civil Procedure 30(g)(1). In his motion, Plaintiff recognizes the fees and expenses he seeks are not the typical expenses sought, but he asserts he incurred intangible expenses related to his physical and mental health as he had to forgo certain activities to ensure his attendance at the scheduled deposition.

Defendants object to Plaintiff's request. Defendants explain that a conflict with Plaintiff's July 8, 2021 deposition date presented on June 21, 2021. Defendants assert that on July 8, 2021, Plaintiff was sent an amended notice of deposition informing Plaintiff that his deposition was rescheduled for July 29, 2021 at 9:00 a.m. Defendants also submitted the declaration of Krista Winningham, the litigation coordinator for Western Illinois Correctional Center (where Plaintiff is currently incarcerated), who attests that she confirmed Plaintiff did not have a video conference scheduled for July 8, 2021, or a call pass for the same[1]. Winningham asserts the only call pass Plaintiff had for July 8, 2021 was for 7:30 a.m. related to an eye doctor appointment. Winningham confirmed that Plaintiff attended his eye doctor appointment at approximately 8:15 a.m. on July 8, 2021.

Defendants argue Plaintiff is not entitled to any reasonable fees and expenses because he did not attend the July 8, 2021 deposition, did not incur any attorney's fees regarding the deposition, and did not provide any information regarding what time he believes he should be reimbursed for or what activities he was doing during those times.

Plaintiff submitted a reply to Defendants' response on August 2, 2021, and then subsequently filed a motion seeking leave to file an amended reply (Doc. 77). The Court construed Plaintiff's request to amend his reply as a motion to supplement. Plaintiff's supplemental reply was filed on September 22, 2021.

---

[1] Plaintiff has filed a motion for sanctions against Defendants related to this declaration that is addressed below.

In his reply, Plaintiff asserts he was issued two call passes on July 7, 2021 — one for the eye doctor at 7:30 a.m. and one for his deposition at 8:45 a.m.   Plaintiff attached a copy of this call pass to his reply, which indicates he arrived at the video conference room at 8:45 a.m.   After identifying himself, an officer told Plaintiff the deposition had been canceled.   Plaintiff clarifies that he seeks fees and expenses because he showed up in person for his deposition and Defendants failed to appear or give Plaintiff fair warning the deposition had been canceled.   Plaintiff asserts Defendants' response is demonstrably false as he was provided a call pass to attend the deposition.

Plaintiff clarifies in his reply that he is seeking fees and expenses for his time going to and from the library to retrieve materials to prepare for the deposition, as well as time he spent to attend the deposition.   Plaintiff claims four billable hours as reasonable fees and expenses at the rate of $250 per hour.

Federal Rule of Civil Procedure 30(g) provides that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending" if the noticing party failed to: (1) attend and proceed with the deposition; or (2) serve a subpoena on a nonparty deponent, who consequently did not attend.

Plaintiff's request for fees is novel.   It is also misplaced.   While Rule 30(g) does not set forth what, precisely, may be covered as a "reasonable expense," common sense dictates that it is directed at tangible, specific expenses, such as travel expenses, and fees for billable time lost. Indeed, cases in which expenses have been awarded under Rule 30(g) are limited to such tangible expenses, including payments for expert fees and attorney's fees. *See, e.g., Barrett v. Brian Bemis Auto World*, 230 F.R.D. 535 (N.D. Ill. Sept. 13, 2005) (appropriate monetary sanction against defendant and its counsel for counsel's cancellation of scheduled deposition of plaintiff's expert was award of reasonable expenses to cover travel and deposition time of plaintiff's counsel

Page **4** of **11**

and plaintiff's expert, but not time spent by counsel or expert to prepare for deposition, since such time was not wasted); *Stonecrafters, Inc. v. Foxfire Printing and Packaging*, 2009 WL 4172847 (N.D. Ill. Nov. 23, 2009) (awarding expenses for travel time and travel expenses, but refusing to award expenses for time spent preparing for the deposition).

In this instance, Plaintiff estimates his time is worth $250.00 and that he is entitled to payment of four hours for the time spent preparing for and briefly presenting for his deposition. Courts routinely deny requests seeking reimbursement for time spent "preparing" for a deposition as it is not lost. Second, Plaintiff may estimate his time is worth $250.00 based on his previous employment from 1990 to 2001, but he is not currently employed, and the Court cannot find any authority to award payment for time lost to a pro se, incarcerated litigant who did not incur any specific fee or expense under Federal Rule of Civil Procedure 30(g).

For these reasons, Plaintiff's Motion for Reasonable Fees and Expenses (Doc. 66) is **DENIED**.

### Motion for Sanctions against Defendants for Making False Representations to the Court (Doc. 72)

Plaintiff filed his motion for sanctions against Defendants asserting Defendants presented an erroneous declaration by Krista Winningham (Doc. 69-3) in response to Plaintiff's motion for reasonable fees (addressed above). Plaintiff asserts that Ms. Winningham attested Plaintiff did not receive a call pass for his July 8, 2021 deposition. Plaintiff also asserts that these statements are demonstrably false. Plaintiff is correct and the fact that a call pass was issued for his July 8, 2021 deposition is clear based on the record.

Plaintiff asserts that the records he submitted to the Court were readily available to opposing counsel and Ms. Winningham and, therefore, they knew or should have known that

Plaintiff received a call pass to attend his deposition. Accordingly, Plaintiff asks the Court to impose sanctions.

In response to Plaintiff's motion, Defendants provide another declaration of Krista Winningham, explaining that when she prepared her previous declaration, she checked the internal system that logs call passes for offenders and found that Plaintiff did not have a call pass scheduled for July 8, 2021. However, at the request of the Illinois Attorney General's office on July 29, 2021, Winningham indicated she reviewed the printed movement logs for July 8, 2021 and found that Plaintiff had a call pass to the vocational building on July 8, 2021 for 8:45 a.m. In her declaration, Winningham indicates that Plaintiff's call pass was not present in the internal system because it was cancelled; however, it was on the printed call pass log because it was not cancelled early enough for it to be removed from said log. Defendants argue the statements contained in Winningham's declaration submitted in response to Plaintiff's motion for fees were not knowingly false and no false statements were knowingly made to the Court.

Although Plaintiff does not reference under what rule he seeks sanctions, the Court finds Plaintiff's request is best evaluated pursuant to Rule 11 of the Federal Rules of Civil Procedure. Under Rule 11, attorneys have a duty to ensure that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose. Sanctions under Rule 11 will be imposed if counsel files a paper with improper motives or without adequate investigation. Fed. R. Civ. P. 11; *see Royce v. Michael R. Needle, P.C.*, 158 F.Supp.3d 708, 712 (N.D. Ill. Feb. 2, 2016). Rule 11(c)(1) provides that the "court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Rule 11(c)(4) provides that sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."

In this instance, the Court finds counsel for Defendants filed a declaration of Krista Winningham that was demonstrably false.  The Court also finds that while the filing of said declaration was not initiated by improper motives, it appears the declaration was filed without adequate investigation.  Indeed, in the declaration at issue, Ms. Winningham stated that Plaintiff did not have a video conference scheduled on July 8, 2021 and did not have a call pass for July 8, 2021 to attend a deposition.  In her subsequent declaration, filed in response to Plaintiff's motion for sanctions, Ms. Winningham clarified her statements and explained her investigation, but this information should have been included in her initial declaration, or she should have engaged in further investigation before making the representations to the Court.

In light of the finding that Ms. Winningham's declaration was filed without adequate investigation, the Court must determine what sanctions would suffice to "deter repetition of the conduct or comparable conduct by others similarly situated."  In this instance, the Court finds it appropriate to strike said declaration.  Accordingly, Plaintiff's Motion is **GRANTED IN PART** and the Clerk of Court is **DIRECTED** to **STRIKE** the declaration of Krista Winningham filed on July 26, 2021 (Doc. 69-3).  The Court notes that although Ms. Winningham's declaration is stricken, it does not affect the Court's decision with regard to Plaintiff's motion for fees and expenses, addressed above.

### Motion for Subpoenas Submitted for the Court's Review (Doc. 74)

In this motion, Plaintiff asks the Court to review subpoenas he proposes to submit to third-parties, in accordance with this Court's Order dated July 1, 2021 (Doc. 64).  In his motion, Plaintiff directs the Court to his filing at Doc. 58, captioned "Plaintiff's Statement of Reasons for Issuance of Subpoenas."  Plaintiff also asserts that he believes the documents requested in the subpoenas are either not in the possession of the named defendants or would not be disclosed by

defendants because they would object to producing the same.

Generally, Plaintiff directs his six subpoenas to the litigation coordinator at Menard, but indicates the documents are "for" the following: the healthcare administrator, the warden of Menard, Sgt. Richard Harris, Aimee Lang, Dr. Mohammed Siddiqui, and Wexford Health Sources, Inc. Attached to each subpoena is a "table" requesting certain documents. In his "Statement of Reasons," Plaintiff sets forth arguments explaining why he needs the documents sought in the subpoenas. The Court declines to address those specific arguments here as it is not necessary for the disposition of Plaintiff's motion.

Federal Rule of Civil Procedure 45 permits a party to issue a subpoena directing a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession." FED. R. CIV. P. 45(a)(1)(A)(iii). The ability to use subpoenas to obtain information from non-parties is not unlimited, however; Rule 45 provides that the issuer of a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). Courts consider a number of factors when determining if the burden imposed by a subpoena is "undue," including whether: (1) the information requested is relevant; (2) the party requesting the information has a substantial need for the documents; (3) the document request is overly broad; (4) the time period the request covers is reasonable; (5) the request is sufficiently particular; and (6) compliance with the request would impose a burden on the subpoenaed party. *Little v. JB Pritzker for Governor*, No. 18-C-6954, 2020 WL 1939358, *2 (N.D. Ill. April 22, 2020) (citations omitted). A court may also limit discovery pursuant to Rule 26(b)(2)(c) if it determines that the requested documents can be obtained from a more convenient or less burdensome source, the requesting party had an opportunity to obtain the information through the normal discovery process, or the information

sought is cumulative or duplicative of other discovery.  *Id.*

Here, Plaintiff seeks a total of 33 categories of documents.  The categories of documents are quite varied and seek everything from "copies of all minutes of meetings or any other notes or summary reports relating to Quality Assurance Reviews" to "performance reviews for Defendants Lang and Harris from August 1, 2013 through September 1, 2019."  The sheer volume of requests clearly imposes a burden on the subpoenaed party.  More concerning, however, is that many of the documents, if relevant, can be obtained from a more convenient source — the actual defendants in this action[2].  Indeed, in the Court's review of the documents requested, it is not apparent that any document in particular is not, or would not be available from a party to this action (notwithstanding the question of relevancy).  The Court reiterates that a non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative.  *See* Fed. R. Civ. P. 26(b)(2).  Plaintiff's assertion that the documents are not in the possession of the named defendants does not appear to have any basis.  Plaintiff's related assertion, that even if defendants possessed the requested documents they would object to their production, is misguided.  In this circuit, a plaintiff does not demonstrate a compelling need to seek duplicative third-party requests simply because a party in the underlying action fails to comply with document requests for the same information.  *Tresóna Multimedia, LLC v. Legg*, 2015 WL 4911093, *3 (N.D. Ill. Aug. 17, 2015) (citation omitted).  Plaintiff's concerns here are even more removed, as it appears he merely speculates Defendants will object to providing the information sought.  Based on the foregoing, Plaintiff's motion for subpoenas is **DENIED**.  The Court will not issue the six subpoenas proposed by Plaintiff.

---

[2] The Court declines to opine on whether specific requests are relevant under Rule 26 at this time.

**Motion for Court Appointed Polygrapher (Doc. 76)**

In this motion, Plaintiff asks that the Court appoint a polygrapher pursuant to Federal Rules of Evidence and Federal Rules of Civil Procedure. Plaintiff asserts he will voluntarily submit to a polygraph examination to probe the veracity of his allegations and assist the jury in making credibility determinations. Plaintiff argues that because he is an inmate there will be a tendency for the jury to weigh his assertions more critically than those of Defendants. Plaintiff asserts he would voluntarily withdraw this case if a polygrapher determined Plaintiff was being untruthful or evasive in his answers to questions probing the veracity of his allegations.

Defendants object to Plaintiff's motion. Defendants assert they have engaged in written discovery and have provided responses to Plaintiff's discovery requests. Defendants also assert that Plaintiff is only seeking a polygraph test to establish the prima facie evidence of his case, which is relief not contemplated by the Federal Rules of Evidence.

Plaintiff generally states that he brings his motion pursuant to Federal Rules of Evidence and Federal Rules of Civil Procedure. There is no particular rule that allows for the appointment of a polygrapher, but the Court finds Federal Rule of Evidence 706(a) to be the most pertinent to Plaintiff's request. A court, in its discretion, may appoint an expert for an indigent plaintiff pursuant to Federal Rule of Evidence 706 in appropriate cases. *See Ledford v. Sullivan*, 105 F.3d 354, 358-61 (7th Cir. 1997); Fed. R. Evid. 706. In general, court-appointed experts are utilized only if "scientific, technical, or other specialized knowledge" will help the trier-of-fact understand complex evidence or facts at issue. *Ledford*, 105 F.3d at 358-59 (citing Fed. R. Civ. P. 702). Experts may be appointed "if necessary to help the *court* understand the issues, not to assist a party in preparing his case." *Dobbey v. Carter*, 734 F. App'x 362, 364-65 (7th Cir. 2018) (emphasis in original). In this instance, Plaintiff seeks an expert not to help the court understand any particular

Page **10** of **11**

issue, but rather, to develop evidence.  This is not contemplated or appropriate under Rule 706.  Accordingly, Plaintiff's motion is **DENIED**.

### Second Request to Extend Discovery Period (Doc. 82)

Plaintiff asserts he needs additional time to complete discovery so that he may obtain the documents he seeks by way of the subpoenas at issue in his motion for subpoenas (addressed above).  Plaintiff asks that he be granted an additional 90 days for discovery to begin after the date the Court grants his motion for subpoenas.  For the reasons set forth above, the Court denied Plaintiff's motion for subpoenas.  As discovery does not close until October 28, 2021, the Court finds Plaintiff has sufficient time to complete discovery in this matter.  Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 27, 2021**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**