IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK WINGER, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )  Case No.  19-cv-474-RJD |
| MOHAMMED SIDDIQUI, et al., | ) ) |
|     Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

    Plaintiff Mark Winger, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center. Plaintiff alleges officials failed to adequately respond to his requests for a double-cuff permit and treat his chest pain. Plaintiff's Complaint was screened pursuant to 28 U.S.C. § 1915A, and he is proceeding on the following claims:

    Count One: Sergeant Harris, Nurse Lang, and Dr. Siddiqui used, authorized, or condoned the use of excessive force against Plaintiff on March 23, 2017, in violation of his Eighth Amendment rights.

    Count Two: Sergeant Harris, Nurse Lang, and Dr. Siddiqui committed assault and/or battery against Plaintiff on March 23, 2017, in violation of Illinois state law.

    Count Three: Dr. Siddiqui, Nurse Lang, Dr. Ritz, and Wexford exhibited deliberate indifference to Plaintiff's complaints of chest pain and shortness of breath on or before March 23, 2017, in violation of his Eighth Amendment rights.

This matter is now before the Court on Plaintiff's Motion for Daubert Hearing (Doc. 93) and Motion for Sanctions against Defendants (Doc. 94). For the reasons set forth below, the motions are **DENIED**.

## Motion for Daubert Hearing (Doc. 93)

In this motion, Plaintiff requests a *Daubert* hearing to evaluate Defendants' proffered experts. Plaintiff complains that Defendants have failed to offer evidence that their experts intend to arrive at opinions that are based on scientific methods or that their theories have been tested, subjected to peer review, or properly evaluated.

On October 26, 2021, prior to the close of discovery, Defendants disclosed the following witnesses who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, and 705:

1. Mohammed Siddiqui, MD
2. Stephen Ritz, DO
3. Arthur Funk, MD
4. Roderick Matticks, MD, MPH, CCHP
5. Glen Babich, MD, MBA, MCFP, CCHP
6. Aimee Lang, LPN
7. Michael Moldenhauer, NP
8. Mary Zimmer, NP

Defendants disclosed these witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). Rule 26(a)(2)(C) provides that witnesses who do not need to provide a written report must only disclose the subject matter and a summary of the facts and opinions as to which they are expected to testify. In their disclosure, Defendants briefly set forth the opinions these individuals

may testify to at trial. Under Rule 26(a)(2)(B), witnesses who need to provide a report include those that are retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

In response to Plaintiff's motion, Defendants assert their designated experts do not fall under these categories. Indeed, Defendants explain Dr. Siddiqui, Dr. Ritz, LPN Lang, NP Moldenhauer, and NP Zimmer were treating physicians, nurse practitioners, and nurses who have firsthand knowledge of the events giving rise to the litigation and are not retained or specially employed to provide expert testimony. Defendants also explain that Dr. Funk, Dr. Matticks, and Dr. Babich, Wexford representatives, are expected to testify within their scope of training and experience as physicians and within their knowledge of Wexford's policies, practices, and procedures.

The Court agrees with Defendants. The individuals disclosed in Defendants' expert witnesses disclosures are not witnesses that need to provide a written report under Rule 26(a)(2) and, as such, Plaintiff's request for a *Daubert* hearing is misplaced. Plaintiff's motion is **DENIED**.

## Motion for Sanctions against Defendants (Doc. 94)

Plaintiff asks that the Court impose sanctions against Defendants for "submitting demonstrably false representations to the Court for the purpose of impeding Plaintiff's ability to obtain facts, information, and materials through the discovery process." More specifically, Plaintiff contends Defendants made misrepresentations in their opposition to Plaintiff's Motion for Extension of Time to Complete Discovery filed on June 14, 2021 (Doc. 56), and that such misrepresentations likely caused the undersigned to extend discovery only three months, rather than the six month extension requested by Plaintiff.

In his motion for sanctions, Plaintiff asserts Defendants erroneously indicated in their response that they "have not received any communications from Plaintiff that their responses to his discovery requests are inadequate as to this matter" (Doc. 59 at ¶ 5).  Plaintiff has not set forth evidence indicating Defendants had received notice of discovery issues prior to filing their response as he claims in his motion.  This finding, however, is not dispositive of the issue before the Court.  The crux of Plaintiff's complaint with regard to Defendants' filing appears to be Plaintiff's claim that Defendants improperly influenced the Court to only grant in part his extension of time to complete discovery.  Plaintiff complains this limited extension of time had a "cascading" effect on his strategic decisions in this case that impeded his ability to effectively participate in discovery.

Plaintiff asks that the Court sanction Defendants by: (1) reopening discovery; (2) reconsidering Plaintiff's proposed subpoenas; and (3) assess a fine.

Plaintiff does not identify the Federal Rule under which he seeks sanctions.  However, based on the content of his motion, the Court finds Rule 11 to be most relevant.

Rule 11 of the Federal Rules of Civil Procedure requires an attorney or party to certify that any pleading presented to the court is not presented for an improper purpose, that the claims therein have a legally sufficient basis, and that the allegations and other factual contentions have evidentiary support.  FED. R. CIV. P. 11(b).  "Under Rule 11, the district court may impose sanctions if a lawsuit is 'not well grounded in fact and is not warranted by existing law or a good faith argument for extension, modification, or reversal of existing law.'"  *CUNA Mut. Ins. Soc'y v. Office & Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (quoting *Nat'l Wrecking Co. v. Int'l Bd. Of Teamstres, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993)).  "The court must 'undertake an objective inquiry into whether the party or his counsel should have

known that his position is groundless.'" *Id.* Rule 11 does not require bad faith on the part of a party or its counsel; rather it is an objective test. *Dreis & Krump Mfg. Co.*, 802 F.2d at 255. "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." FED. R. CIV. P. 11(c)(4). "Though 'particularly severe,' the sanction of dismissal is within the court's discretion." *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009) (quoting *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008)) (other quotations omitted).

There is insufficient evidence in the record to establish that Defendants' statement that they had not received any communications from Plaintiff regarding any inadequacies in their discovery responses was knowingly false. Plaintiff's conferral letter was sent on June 16, 2021, and Defendants' response wherein they made the representation now at issue was dated June 28, 2021. In Wexford's response letter, counsel indicated Plaintiff's conferral letter was received on June 30, 2021. The Court finds this delay in receipt plausible based on prison mailing procedures and USPS mailing times. In any event, the conduct Plaintiff complains of does not warrant sanctions under Rule 11, particularly of the type Plaintiff seeks. It seems Plaintiff's actual issue is with the Court's July 1, 2021 Order granting in part his motion for extension of time, as Plaintiff believes he should have been provided a six-month extension of time to complete discovery. Plaintiff also takes issue with the Court's denial of his request to issue certain subpoenas (*see* Doc. 86). Plaintiff is attempting to circumvent these rulings by filing his motion now before the Court. The Court has reviewed the rulings and finds no error in the same. For these reasons, Plaintiff's Motion for Sanctions is **DENIED**. Discovery remains closed.

Defendants shall file any dispositive motions by **January 21, 2022**

**IT IS SO ORDERED.**

**DATED: December 22, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
