IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARK WINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   19-cv-474-RJD |
| | ) | |
| MOHAMMED SIDDIQUI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Mark Winger, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center. Plaintiff alleges officials failed to adequately respond to his requests for a double-cuff permit and treat his chest pain. Plaintiff's Complaint was screened pursuant to 28 U.S.C. § 1915A, and he is proceeding on the following claims:

> Count One:   Sergeant Harris, Nurse Lang, and Dr. Siddiqui used, authorized, or condoned the use of excessive force against Plaintiff on March 23, 2017, in violation of his Eighth Amendment rights.
>
> Count Two:   Sergeant Harris, Nurse Lang, and Dr. Siddiqui committed assault and/or battery against Plaintiff on March 23, 2017, in violation of Illinois state law.
>
> Count Three:   Dr. Siddiqui, Nurse Lang, Dr. Ritz, and Wexford exhibited deliberate indifference to Plaintiff's complaints of chest pain and shortness of breath on or before March 23, 2017, in violation of his Eighth Amendment rights.

This matter is now before the Court on Plaintiff's Motion to Alter Judgment (Doc. 104), Plaintiff's Motion to Stay Proceedings (Doc. 105), and Defendants' Second Joint Motion for Extension of

Time (Doc. 108).

## Motion to Alter Judgment (Doc. 104)

In this motion, Plaintiff asks the undersigned to alter her Order entered on December 22, 2021 denying Plaintiff's motion for a *Daubert* hearing. More specifically, Plaintiff asks that the Court order Siddiqui, Ritz, Funk, Matticks, Babich, Moldenhauer and Zimmer to serve corrected disclosures, which include the subject matter on which they are expected to present evidence under Federal Rules of Evidence 702, 703, or 705, and a summary of facts and opinions on which they are expected to testify.

By way of background, Plaintiff filed a motion for *Daubert* hearing on November 3, 2021 (Doc. 93). In that motion, Plaintiff explained Defendants disclosed a list of expert witnesses who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, and 705. Plaintiff complained that these experts offered no evidence demonstrating they based their opinions on scientific methods, or whether their theories had been tested, subjected to peer review, or accepted in the relevant scientific community. Plaintiff asserted a *Daubert* hearing was necessary to examine Defendants' experts so the Court could act as a gatekeeper and ensure a jury will not be prejudiced against Plaintiff. The Court denied Plaintiff's motion, finding the witnesses at issue were disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), and as such, the witnesses did not need to provide an expert report under Rule 26(a)(2) and a request for a *Daubert* hearing was misplaced.

Although captioned as a "motion to alter judgment," Plaintiff is now asking the Court to order Defendants to supplement the Rule 26(a)(2)(C) disclosures for Siddiqui, Ritz, Funk, Matticks, Babich, Moldenhauer, and Zimmer. Because Plaintiff is proceeding pro se, the Court therefore construes Plaintiff's motion as a motion to supplement disclosures.

As set forth in the Court's previous Order, Defendants disclosed Dr. Mohammed Siddiqui, Dr. Stephen Ritz, Dr. Arthur Funk, Dr. Roderick Matticks, Dr. Glen Babic, Nurse Aimee Lang, Nurse Practitioner Michael Moldenhauer, and Nurse Practitioner Mary Zimmer pursuant to Federal Rule of Civil Procedure 26(a)(2)(C).  Under this Rule, these witnesses must provide a disclosure stating: (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts and opinions to which the witness is expected to testify.  Fed. R. Civ. P. 26(a)(2)(C).  The advisory committee's notes to the 2010 amendments to Rule 26(a)(2)(C) explain that the disclosure required under this Rule is "considerably less extensive than the report required by Rule 26(a)(2)(B)," and "courts must take care against requiring undue detail,"; however, "summary disclosures must contain more than mere passing reference to the care a treating physician provided." *Slabaugh v. LG Electronics USA, Inc.*, No. 1:12-cv-01020-RLY-MJD, 2015 WL 1396606, at *3 (S.D. Ind. Mar. 26, 2015).

While the Court acknowledges the latitude given to expert disclosures under Rule 26(a)(2)(C), the disclosures at issue here fail to provide even a "passing reference" to the care provided by the respective witnesses, or a statement of any opinion that may be offered.  Indeed, the disclosures provided appear to be mere boilerplate that may substituted for any case in which medical treatment may be at issue.  Indeed, no specifics regarding Plaintiff's condition, treatment, opinions regarding his care, or the bases for said opinions has been provided. *See Hogan v. United States*, No. 1:18-cv-03763-JPH-TAB, 2021 WL 843451, at *2 (S.D. Ind. Mar. 4, 2021) ("[Plaintiff] points to broad categories of evidence that she expects her experts to rely upon — 'Plaintiff's medical records, Plaintiff's testimony, and each provider's experience as medical health professionals.' That is not enough."); *Cf. Hernandez v. Illinois Dep't of Corrections*, Case

Page **3** of **4**

No. 3:17-CV-1335-NJR, 2021 WL 3287338, at *2 (S.D. Ill. Aug. 2, 2021) (finding Rule 26(a)(2)(C) disclosures to be adequate insofar as the disclosures indicated the witnesses "may testify as to (1) appropriate preventative and other care and treatment for skin breakdown; (2) appropriate care and treatment for a fractured ulna; (3) the cause or causes of any injuries claimed by [the plaintiff] as they relate to the care they provided; and (4) issues of liability and damage.").

Based on the foregoing, Plaintiff's Motion to Alter Judgment (Doc. 104), construed as a Motion to Supplement is **GRANTED**.  Defendants shall supplement the Rule 26(a)(2)(C) disclosures for Siddiqui, Ritz, Funk, Matticks, Babich, Moldenhauer, and Zimmer by **June 10, 2022**.

At this juncture, discovery is closed.  Dispositive motions were due January 21, 2022, and Defendants filed a Second Joint Motion for Extension of Time (Doc. 108) asking for an extension of time to file dispositive motions pending resolution of Plaintiff's Motion to Stay (Doc. 105).  In light of this Order, the Court **GRANTS** Defendants' motion.  Defendants shall file any dispositive motions by **July 11, 2022**.  Plaintiff's Motion to Stay is **MOOT**.

**IT IS SO ORDERED.**

**DATED: May 11, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**