IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK WINGER, | ) |
| Plaintiff, | ) |
| v. | ) Case No.   19-cv-474-RJD |
| MOHAMMED SIDDIQUI, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Mark Winger, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). The following claims survived Defendants' summary judgment motions and proceed to trial:

Count One: Sgt. Harris, Nurse Lang, and Dr. Siddiqui used, authorized, or condoned the use of excessive force against Plaintiff related to handcuffing Plaintiff behind his back on March 23, 2017 in violation of the Eighth Amendment.

Count Two: Sgt. Harris and Nurse Lang committed assault and/or battery against Plaintiff on March 23, 2017 in violation of Illinois state law related to the handcuffing Plaintiff behind his back.

Doc. 133.

The parties' motions in limine (Docs. 165, 166, 167, 173, 174, 175, 176, 177) are currently pending before the Court. Evidence may be excluded in limine if the movant establishes "that the evidence is inadmissible on all potential grounds." *Betts v. City of Chicago, Ill*., 784 F. Supp. 2d 1020 (N.D. Ill. 2011). Rulings in limine may be reconsidered during trial "as the case unfolds"

and "even if nothing unexpected happens at trial."  *Id*., *quoting Farfaras v. Citizens Bank & Trust of Chi*., 433 F.3d 558, 565 (7th Cir. 2006).

**Plaintiff's Motions in Limine (Doc. 165)**

1. **Details of Plaintiff's criminal convictions**

2. **Details of Alan Wyman's (witness for Plaintiff) criminal convictions**

In a civil case, evidence of a witness's criminal conviction must be admitted for the purpose of attacking the witness's character for truthfulness if the conviction was punishable by death or imprisonment for more than one year.  Fed. R. Evid. 609(a)(1)(a).  However, the Court may exclude evidence of the conviction if "its probative value is substantially outweighed by a danger of…unfair prejudice." Fed. R. Evid. 403.  Here, the jury will know Plaintiff and Alan Wyman were incarcerated at Menard Correctional Center.  In §1983 cases involving conditions of confinement, the undersigned typically allows the jury to hear that the plaintiff was previously convicted of a felony for which he was serving time at the events in question.   None of the parties here have provided any justification for deviating from this practice.

Accordingly, Plaintiff's Motions in Limine 1 and 2 are GRANTED.  The jury may hear that Plaintiff was convicted of a felony for which he was imprisoned at the time of the events in question, but no other details regarding Plaintiff's convictions shall be admitted.  Similarly, the jury may hear that Alan Wyman was convicted of a felony for which he was incarcerated at the time of the events in question, but Defendants may not introduce evidence of Mr. Wyman's specific crimes or the length of his sentence.

3. **Visual appearance at trial**

Plaintiff asks that the Court allow him to wear plain clothes (not his prison uniform) and be restraint-free during trial.  Plaintiff's Motion in Limine No. 3 is GRANTED IN PART AND

DENIED IN PART. The Court will allow Plaintiff to wear plain clothes and will also attempt to prevent the jury from seeing any restraints on Plaintiff; if possible, the Court will not ask Plaintiff to move from the plaintiff's table in the presence of the jury. The Court will otherwise defer to the Illinois Department of Corrections, the U.S. Marshals Service, and courtroom security officers regarding necessary restraints.

**Motions in Limine by Defendants Harris and Lang (Doc. 166)**

### 1. Causation of medical and mental health conditions

Defendants anticipate that plaintiff "will testify that the actions of Defendants caused him [long-term] injury." Pain and discomfort are symptoms that a layperson can understand and offer testimony. *Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004). Plaintiff may testify to the pain he experienced following the incident at issue in this case. The Court has serious doubts that Plaintiff will be able to establish, through his own testimony as a lay witness, that he experienced long-term pain from the cuffing incident, but Plaintiff may make an offer of proof regarding such testimony outside the presence of the jury. Defendants' Motion in Limine No. 1 is TAKEN UNDER ADVISEMENT.

### 2. Inadmissible hearsay statements of any medical or mental health professionals

The Court cannot evaluate a statement to determine whether it constitutes inadmissible hearsay without knowing what the statement is, who said it, and the context of the statement. Defendants' Motion in Limine No. 2 is DENIED.

### 3. Testimony by Plaintiff and his witnesses regarding whether Defendants followed IDOC procedures

At the final pretrial conference, the parties informed the Court that Plaintiff intends to offer a document into evidence that contains criteria for "alternate" cuffing. Doc. 2, pp. 82-84.

Plaintiff received this document via a FOIA request to the Illinois Department of Corrections ("IDOC"). *Id.*, p. 82. Defendants have confirmed that there has never been a policy for double cuffing at Menard Correctional Center. Doc. 186-1. Plaintiff's own testimony that he received this document via a FOIA request is not sufficient to authenticate the document. Fed. R. Evid. 901. Accordingly, Defendants' Motion in limine No. 3 is GRANTED.

### 4. Defendants Harris and Lang were deliberately indifferent to Plaintiff's serious medical need

Defendants ask that the Court bar Plaintiff "from asserting that Defendants were deliberately indifferent to a serious medical need." The Court previously granted summary judgment in favor of Defendant Lang on Plaintiff's deliberate indifference claim (Count III). Defendants' Motion in Limine No. 4 is GRANTED to the extent that Plaintiff may not argue that that the jury should find that Defendants Lang and Harris were deliberately indifferent to Plaintiff's serious medical need. This motion should not be construed as prohibiting Plaintiff from presenting evidence that shows Defendants Harris and Lang used excessive force and/or committed assault and battery against Plaintiff.

### 5. The State of Illinois will indemnify Defendants

Plaintiff has no objection. Defendants' Motion in Limine No. 5 is GRANTED.

### 6. Other lawsuits involving Defendants

Federal Rule of Evidence 404(b)(1) prohibits "evidence of any other crime, wrong, or act …to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Plaintiff contends that evidence of Defendants' other lawsuits may be admissible for impeachment purposes, but presents no specific argument or information as to why evidence of other lawsuits against Defendants would not be barred by Federal Rule of

Evidence 404(b). Accordingly, Defendants' Motion in Limine No. 6 is GRANTED.

7. **Misconduct by Defendants, or complaints issued against Defendants**

Plaintiff objects, contending that Defendants' "misconduct of Mr. Winger and lack of reprimand are vital to [Plaintiff's] claims." While Plaintiff obviously may present evidence that Defendants used excessive force against him on March 23, 2017, Plaintiff provides no specific information or argument for the Court to find that evidence of unrelated misconduct by Defendants is not barred by Federal Rule of Evidence 404(b). Defendants' Motion in Limine No. 7 is GRANTED.

8. **"Golden rule" argument or testimony**

Plaintiff does not object. Defendant's Motion in Limine No. 8 is GRANTED.

9. **Plaintiff's grievances**

The Court is generally inclined to find that Plaintiff's grievances (when offered by Plaintiff) are inadmissible hearsay. However, there may be statements or evidence within Plaintiff's grievances that are admissible. Without knowing the specific grievance[s] or portion[s] of grievance[s] that are at issue, the Court cannot rule on their admissibility. Defendants' Motion in Limine No. 9 is DENIED.

**Motions in Limine by Dr. Siddiqui (Doc. 167)**

1. **Defendant's insurance**

2. **Medical treatment provided to other inmates**

Plaintiff has no objection to either motion. Dr. Siddiqui's Motions in Limine Nos. 1 and 2 are GRANTED.

3. **Other lawsuits, grievances, investigations, incidents involving Defendant**

Federal Rule of Evidence 404(b)(1) prohibits "evidence of any other crime, wrong, or act

…to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Though Plaintiff objects to Defendant's Motion in Limine No. 3, he provides no justification for the Court to find that he has evidence of other lawsuits or claims against Dr. Siddiqui that are not prohibited by Rule 404. Defendant's Motion in Limine No. 3 is GRANTED.

4. **Statements made to Plaintiff by non-party medical or mental health providers**

Defendant notes that generally, Plaintiff cannot testify regarding statements made by non-party medical providers to him. *Bombard v. Ft. Wayne Newspapers, Inc.,* 92 F.3d 560, 563 (7th Cir. 1996). Plaintiff argues that his "medical records and statements" should be admissible under multiple exceptions to the hearsay rule. However, without knowing the particular statement[s] to which the parties refer, the Court cannot determine whether it is inadmissible hearsay. Defendant's Motion in Limine No. 4 is DENIED.

5. **Lay witness testimony regarding causation of Plaintiff's injuries**

As previously stated regarding Motion in Limine No. 1 by Defendants Harris and Lang, Plaintiff may testify to the pain he experienced following the incident at issue in this case. To the extent Plaintiff intends to testify that he experienced long-term pain from the incident at issue, or to elicit testimony from Mr. Wyman regarding Plaintiff's pain/distress, he must make an offer of proof outside the presence of the jury. Defendant's Motion in Limine No. 5 is TAKEN UNDER ADVISEMENT.

6. **Medical or technical literature**

No objection. Defendant's Motion in Limine #6 is GRANTED.

7. **Plaintiff's grievances**

As previously explained in response to the Motion in Limine No. 9 by Defendants Harris

and Lang, the Court is generally inclined to find that Plaintiff's grievances (when offered by Plaintiff) are inadmissible hearsay. However, there may be statements or evidence within Plaintiff's grievances that are admissible. Without knowing the specific grievance[s] or portion[s] of grievance[s] that are at issue, the Court cannot rule on their admissibility. Defendant's Motion in Limine No. 7 is DENIED.

### 8. Settlement negotiations

No objection. Defendant's Motion in Limine No. 8 is GRANTED.

### 9. IDOC, Menard, or Wexford policies and procedures

As explained regarding the Motion in Limine No. 3 by Defendants Harris and Lang, there has never been a policy for double cuffing at Menard Correctional Center. Doc. 186-1. Plaintiff has not pointed the Court to any other potentially relevant policy, procedure, or directive. Accordingly, Defendants' Motion in Limine No. 9 is GRANTED.

### 10. Documents or evidence not produced in discovery

Nothing in the record suggests that Plaintiff intends to use evidence or documents not disclosed in discovery and therefore Motion No. 10 is DENIED AS MOOT.

### 11. Wexford Health Sources, Inc. is a "big" corporation, "evil" or "for-profit"

### 12. Defendant's failure to call any endorsed witness

### 13. Argument that Defendant is responsible for actions or inactions of another person

### 14. Size of the law firm representing Defendant

### 15. "Golden rule"

Plaintiff does not object to Defendant's Motions in Limine 11-15. Defendant's Motions in Limine 11-15 are GRANTED.

### 16. Evidence that Dr. Siddiqui was deliberately indifferent to Plaintiff's complaints

**of chest pain and shortness of breath**

The Court granted summary judgment in favor of Dr. Siddiqui on Count III, in which Plaintiff alleged that Dr. Siddiqui and others were deliberately indifferent to his chest pain and shortness of breath on or before March 23, 2017.  Plaintiff argues that he should be allowed to present evidence that Dr. Siddiqui knew about his chest pain and shortness of breath, as such evidence indicates why the use of double cuffing was excessive and unreasonable.  While Plaintiff may testify that he told Dr. Siddiqui about his chest pain and shortness of breath, Plaintiff may not otherwise present evidence of the treatment (or lack thereof) Dr. Siddiqui ordered for his chest pain and shortness of breath, nor may he argue that Dr. Siddiqui treated his chest pain and shortness of breath with deliberate indifference.

**17. Dr. Siddiqui's state of mind as Plaintiff was being double cuffed**

Plaintiff represents that he does not intend to offer evidence regarding Dr. Siddiqui's state of mind, but only what actions Dr. Siddiqui took (or did not take) on March 23, 2017.  Therefore, Defendant's Motion in Limine No. 17 is DENIED AS MOOT.

**IT IS SO ORDERED.**

**DATED: March 12, 2024**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**